UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RUSSELL LEE MAZE         ]
     Petitioner,         ]
                         ]
v.                       ]     No. 3:11-0483
                         ]     Judge Trauger
JERRY LESTER, WARDEN     ]
     Respondent.         ]

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Jerry Lester, Warden of the facility, seeking a writ of habeas corpus.

## I. BACKGROUND

In January, 2000, a Davidson County jury found the petitioner guilty of the aggravated child abuse of his infant son, Bryan. For this crime, he received a sentence of twenty one (21) years in prison. Docket Entry No.19-14 at pg.7. While the conviction was on appeal, Bryan Maze passed away. *Id.*

On appeal, it was found that an error had occurred when the trial court failed to instruct the jury as to lesser included offenses. The conviction was reversed and the case was remanded for a new trial. Docket Entry No.19-1 at pgs.19-28.

1

In light of the victim's death, the prosecution sought and obtained a superseding indictment charging the petitioner with aggravated child abuse and first degree felony murder. *Id.* at pgs.29-32. Following his retrial, the petitioner was found guilty of both charges. *Id.* at pg.90. For his crimes, the petitioner received an aggregate sentence of life imprisonment. *Id.* at pgs.91-96.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No.19-14 at pgs.115-139. The Tennessee Supreme Court later rejected the petitioner's application for further review. *Id.* at pg.191.

In August, 2007, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.19-15 at pgs.34-45. Two months later, the petitioner filed a state petition for writ of error coram nobis, claiming that he had discovered medical evidence that his son might not have died as a result of child abuse. *Id.* at pgs.46-48.

Following an evidentiary hearing, the trial court denied the petitioner's request for post-conviction relief. *Id.* at pgs.59-67. The trial court also denied the petition for writ of error coram nobis. *Id.* at pgs.68-72. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of all post-conviction relief. Docket Entry No.19-18 at pgs.107-145. The Tennessee Supreme Court once again denied the petitioner's application for further review. *Id.*

at pg.168.

## II. PROCEDURAL HISTORY

On May 23, 2011, the petitioner filed the instant petition (Docket Entry No.1) for writ of habeas corpus. In the petition, he alleges four instances in which trial counsel was ineffective.[1] These claims include :

> 1) counsel was ineffective because he allowed the prosecution to obtain a superseding indictment charging him with first degree felony murder;
>
> 2) counsel was ineffective because he failed to ask for and obtain a change of venue;
>
> 3) counsel was ineffective because he failed to submit an amicus brief "that was going to be favorable evidence for the petitioner"; and
>
> 4) counsel was ineffective because he consulted with a radiologist rather than a neurologist.[2]

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - §

---

[1] At trial, the petitioner was represented by Dwight Scott, a member of the Davidson County Bar.

[2] Ironically, in his petition for post-conviction relief, the petitioner argued that counsel had been ineffective for failing to seek the assistance of a pediatric radiologist. Docket Entry No.19-15 at pg.36.

2254 Cases.

Presently before the Court are the respondent's Answer (Docket Entry No.18) to the petition and the petitioner's Traverse (Docket Entry No.22) to the respondent's Answer. Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. ANALYSIS OF THE CLAIMS

**A.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level

4

of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

The petitioner claims that counsel was ineffective for allowing the prosecution to obtain a superseding indictment (Claim No.1), for failing to ask for and obtain a change of venue (Claim No.2), and for failing to submit an amicus brief (Claim No.3).

These claims were never raised in the state courts on either direct appeal (Docket Entry No.19-14 at pgs.3-48) or during post-conviction proceedings (Docket Entry No.19-18 at pgs.3-51). Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically satisfied the exhaustion requirement with respect to his first three ineffective assistance claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner had an opportunity to raise each of his ineffective assistance claims during the post-conviction

6

proceedings. In his Traverse, the petitioner suggests that trial counsel's error was the cause for his failure to properly raise the procedurally defaulted claims. Docket Entry No.22 at pg.8. However, petitioner's trial counsel did not represent him during his post-conviction proceedings.[4] Thus, trial counsel did not prevent the petitioner from properly exhausting his ineffective assistance claims in the state courts. As a consequence, the petitioner has not shown the cause and prejudice needed to excuse his procedural default.

Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722 (1991); Murray v. Carrier, 477 U.S. 478 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray, *supra*. Here, the petitioner claims that he is actually innocent of the charges. Docket Entry No.20-1 at pg.54. He has offered nothing, however, to place his guilt in serious doubt. Consequently, the Court finds that the petitioner has forfeited the right to federal review of his first three ineffective assistance claims. *See* Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when

---

[4] On post-conviction, the petitioner was represented by John Baker, III, a member of the Rutherford County Bar.

the claim was not raised in the state appellate courts for review).

**B.) Fully Exhausted Claim**

The petitioner's remaining claim, i.e., counsel's alleged ineffectiveness for consulting with a radiologist rather than a neurologist (Claim No.4), was fully litigated in the state courts and was found to be lacking in merit.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated.

*Id.* at 529 U.S. 389.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was so prejudiced by the deficiency as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 466 U.S. 690.

At the post-conviction evidentiary hearing, counsel testified that he had consulted with Dr. Boulden, a pediatric radiologist, and Dr. Blake, a pathologist, about the victim's injuries and the cause of his death. These physicians were not called as defense witnesses because they would not support the defense theory of the case. Docket Entry No.19-17 at pgs.94-96. Counsel also was unsuccessful in having Dr. Yazbak, a pediatrician, testify for the defense.

Counsel was assisted at trial by Toni Blake who had expertise in defending against allegations of child abuse. *Id.* at pg.102. Counsel vigorously cross examined the prosecution experts as to other possible causes of the victim's death. The state courts

applied the holding of Strickland, *supra*, to petitioner's ineffective assistance claim and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings.

### IV. CONCLUSION

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of federal law. As a consequence, the Court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge